UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br>    *v.*<br>HARRY BLAKE,<br>    *Defendant.* | Civil No. 3:16cr111 (JBA)<br><br>July 20, 2017 |

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH STANDING ORDER ON DISCOVERY AND DENYING GOVERNMENT'S MOTION FOR PROTECTIVE ORDER WITHOUT PREJUDICE**

Defendant Henry Blake, by superseding indictment returned May 3, 2017, is charged with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); premeditated and felony murder causing death through the use of a firearm in violation of 18 U.S.C. §§ 924(c) and 924(j)(1) and (j)(2) (Counts Two and Three); interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count Four); possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and use of a firearm during and in relation to a drug trafficking crime and, separately, to a crime of violence, pursuant to 18 U.S.C. § 924(c)(1)(A) (Counts Six and Seven). Defendant now moves [Doc. # 270] to compel the Government's compliance with the Court's Standing Order on Discovery. (*See* Def.'s Mot. to Compel [Doc. # 270].) The Government opposes [Doc. # 277] Defendant's Motion and seeks a protective order allowing it to withhold certain information in its discovery production. (*See* Gov't Opp'n [Doc. # 277.)  For the reasons that follow, Defendant's Motion to Compel is granted and the Government's Motion for Protective Order is denied without prejudice.

I. **Background**

Under the District of Connecticut Standing Order on Discovery ("Standing Order"), the Government, within 14 days from the date of arraignment[1] must produce "[a]ll warrants . . . with supporting affidavits . . . for the search and/or seizure of the defendant's person, property, things or items with respect to which the defendant has standing to move to suppress." D. Conn. L. Cr. App'x ¶ (A)(1)(i).

On January 31, 2017, in the course of investigating the murder of Kendall Willis, the government applied for and obtained a search warrant for buccal DNA swab samples from Mr. Blake, as well as for his "major case print" fingerprints, which was executed on February 10, 2017.

The Government's initial discovery was provided to Defendant on May 22, 2017, and included a copy of the results of the DNA testing for Mr. Blake's swab samples, but no supporting affidavit was provided at that time. (Def.'s Mot. to Compel at 2.) In response to defense counsel's request, the Government provided a redacted copy of the affidavit on May 26, 2017. Upon further request from Defendant's counsel, the Government produced a less redacted copy of the affidavit on June 12, 2017 which the Government represents "reveals everything in the affidavit supporting the warrant except for the name and personal pronouns of the Government witness who provided certain information." (Gov't Opp'n at 1-2.)[2]

---

[1] Defendant was arraigned on May 8, 2017. (*See* Doc. # 247.)

[2] Defendant argues that "the redactions do more than conceal the identity of the declarant. They obfuscate what the declarant is alleged to have said." (Def.'s Reply [Doc. # 278] at 2.) Upon review of the redacted record and without benefit of an unredacted version, the Court notes that redactions do appear to extend beyond merely "the name and personal pronouns of the Government witness." (*See* Gov't Opp'n at 1-2.)

Additional requests have been made by defense counsel for a fully unredacted copy, but the good faith efforts contemplated in paragraph D of the Standing Order were unsuccessful in reaching an accord on the request to provide an unredacted copy of the affidavit.

## II. Discussion

Defendant asserts that ¶ (A)(1)(i)[3] accomplishes two goals: it informs counsel of matters appropriate for motions to suppress; and it notifies the defendant of the basis for the authorization of seizures from Defendant. (Def.'s Mot. to Compel at 3.) He thus concludes that because the Government had not sought, let alone obtained, authorization from the Court permitting the redaction, it must furnish the full affidavit. (*Id.*)

The Government maintains that it has complied with the Standing Order by providing the affidavit as redacted. (Gov't Opp'n at 2.) It argues that the goals identified by Defendant's Motion, articulated above, have both been satisfied because (a) the redacted affidavit shows the probable cause for the warrant, which "is all the information defense counsel would need to decide whether to file a motion to suppress," and (b) "the specific identity of the witness who provided the information has no relevance to the basis on which the court granted the warrant or to whether the defendant might consider filing a motion to suppress." (Gov't Opp'n at 2.)

The Government further contends that pursuant to ¶ (A)(2) of the Standing Order, it should not be required to reveal the identity of the witness, because the Standing Order does not "require the discovery or inspection of statements made by prospective government witnesses, except as provided in 18 U.S.C. § 3500." D. Conn. L. Cr. App'x ¶ (A)(2).[4] However, § 3500 on its

---

[3] Defendant's Motion cites an outdated version of the Standing Discovery Order.

[4] Section 3500(a) provides in full: "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than

3

face pertains only to a "statement or report . . . which was made by a Government witness or prospective Government witness" and does not expressly protect against disclosure of a witness' (or prospective witness') identity. 18 U.S.C. § 3500.

Statements, in turn, are narrowly defined as either: "(1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic . . . or other recording . . . which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement . . . made by said witness to a grand jury." 18 USC § 3500(e)(1)-(3). The affiant here is not the unidentified witness, but rather an FBI Special Agent whose identity is disclosed. The Court agrees with Defendant that § 3500 is not applicable here, and the Government has offered no other persuasive authority granting it unilateral authority to redact documents subject to the Standing Order on Discovery.

Finally, the Government belatedly moves for "a protective order shielding the witness's name and personal pronouns from discovery until further order of the Court." (Gov't Opp'n at 3.) Fed. R. Crim. P. 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." According to the Government, it has a compelling interest in redacting the name of the witness because "[r]evealing to the defendant at this early stage in the case the identity of a witness who may testify against him would risk that witness's safety unnecessarily." (Gov't Opp'n at 3.) However, the Government fails to set forth any specific facts that Defendant, who is incarcerated pending trial, or anyone else, poses an

---

the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500.

actual threat to the declarant beyond generalized situational inferences from the severity of the criminal charges against Defendant. On this record, the Court finds the Government has not established "good cause" to restrict discovery as the Government requests, by permitting redaction of the witness' identity and personal pronouns from the affidavit.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Compel is GRANTED and the Government's Motion for Protective Order is DENIED. If the Government does not intend to renew its Motion for Protective Order with appropriate detail, it shall provide Defendant's counsel with an unredacted copy of the affidavit forthwith.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 20th day of July 2017.